**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CRESENCIO MOLINA** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 07-4296** |
| | § | |
| **WILLIAM MARCH AND** | § | |
| **MEMORIAL CLUB TOWNHOMES** | § | |
| **ASSOCIATION** | § | |
| **Defendants.** | § | **ORIGINAL COMPLAINT** |

**PLAINTIFF ALLEGES AS FOLLOWS:**

**1.** **INTRODUCTION** Plaintiff, CRESENCIO MOLINA, brings this action against an individual police officer, WILLIAM MARCH (hereinafter "Defendant March), and MEMORIAL CLUB TOWNHOUSES ASSOCIATION (hereinafter "Defendant Association"), (collectively, the "Defendants"), for damages arising out of a false arrest, false imprisonment, malicious prosecution, and common law claims arising out of an incident which occurred on December 15, 2005.

**2.** **JURISDICTION** Plaintiff brings this action against Defendants to redress the deprivation of his individual rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. Sections 1983, 1985, 1989, and the common law.

3. Plaintiff is a citizen of Texas. Defendant William March is a natural person who is a citizen of Texas. Defendant Memorial Club Townhomes Association is incorporated under the laws of Texas and exists only in Texas.

4. The matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a)(3), and 42 U.S.C. Sections 1983, 1985, and 1989.

6. Plaintiff also invokes the supplemental jurisdiction of this Court over Plaintiff's state claims against Defendants for common law violation pursuant to 28 U.S.C. Section 1367, as the common law claims flow from the same case or controversy.

7. **VENUE** Venue is proper in this District pursuant to 28 U.S.C. Section 1391.

**8.** **PARTIES** Defendant **MEMORIAL CLUB TOWN HOMES ASSOCIATION** (hereinafter "The Association") hired **DEFENDANT WILLIAM MARCH** (hereinafter "Defendant March") as an agent and employee and retained him as such on the date of the incident the subject of this suit.

9. Defendant **MARCH** is sued both individually and in his official capacity. Defendant March is a police officer who unlawfully violated Plaintiff's rights. At all times pertinent hereto, Defendant **MARCH** was employed by Defendant **ASSOCIATION**.

10. At the time of the alleged incident, an at all times pertinent hereto, Defendant **MARCH** acted under color of law, a statute, ordinance, regulation, custom, or usage.

11. On or about July 24, 2007, notice was given to the **Association** by U.S. Mail. This notice set forth the facts underlying Plaintiff's claims against Defendant **Association** and its agent. To date, no compensation has been offered by the Association in response to this claim.

**12.** **FACTS** On December 15, 2005, Plaintiff was lawfully discharging his duties as a repossession wrecker truck driver.

13. Plaintiff was driving a company issued Chevy Silverardo with the company logo placed prominently on the vehicle.

14. As Plaintiff was driving down Country Place Drive, looking for Country Place Apartments, he missed his turn.

15. Plaintiff had actually driven down the wrong street, which happened to be a cul de sac.

16. Plaintiff decided to go to the end of the cul de sac and make a u-turn to exit the community, when Plaintiff noticed a vehicle with its lights on.

17. Defendant **March**, who was working as a courtesy patrol officer for the Association, approached Plaintiff's vehicle as he was attempting to make the u-turn.

18. Defendant **March** pulled in front of Plaintiff and started driving very slowly, approximately 5 miles per hour.

19. Plaintiff began to flash his lights at Defendant **March** in an attempt to get Defendant **March** to either speed up or move his car.

20. Defendant **March** eventually stopped his car in front of Plaintiff's car.

21. Defendant **March** jump out of his car, yelled at Plaintiff, and struck the back of Plaintiff's car with a flashlight, which startled Plaintiff and Plaintiff's passenger.

22. After hitting Plaintiff's car, Defendant **March** returned to his car.

23. Plaintiff drove to the front of the subdivision and stopped at a stop sign for a few minutes, where he waited for Defendant **March** to give them further instruction.

24. Defendant **March** never got out of his car or motioned for Plaintiff to remain in the subdivision, so Plaintiff drove off.

25. Plaintiff and his passenger noticed they were being followed by Defendant **March**, so the passenger advised Plaintiff to pull over in a lighted area.

26. Plaintiff pulled over into the Sam's parking lot at I-10 and Highway 6 and rolled down his window to get further instructions from Defendant **March**.

27. Defendant **March** jumped out of his car with a gun in his hand and began screaming, "Put your hands up. Put your hands up. Put your motherfucking hands up."

28. Plaintiff asked Defendant **March** for permission to remove his seatbelt, and, after Defendant **March** said it was okay, he removed his seatbelt and exited the car.

29. Plaintiff and his passenger asked Defendant **March** what they had done wrong, but Defendant **March** just told Plaintiff to "get out of the car and lay on the ground."

30. Plaintiff again asked what he had done wrong and Defendant **March** told Plaintiff to just get on the ground while yelling, "You don't fucking hit a police officer and keep on going. You're going down."

31. Plaintiff told Defendant **March** that he didn't want any trouble to which Defendant **March** replied, "shut the fuck up. You're going to jail."

32. Plaintiff's passenger also asked Defendant **March** what they had done wrong, and Defendant **March** also told Plaintiff's passenger to "shut the fuck up. You are going to jail."

33. At that point, Plaintiff heard a helicopter and other police cars approaching.

34. When the other officers arrived and spoke with Defendant March, Plaintiff was advised that the DA would be accepting charges of Aggravated Assault on a Peace Officer.

35. Plaintiff was, indeed, charged with Aggravated Assault on a Peace Officer, and the charges against Plaintiff were dismissed in a court of law.

36. As a direct and proximate cause of the acts and omissions of Defendant, Plaintiff suffered pain, embarrassment, and humiliation from the injuries caused by Defendant March.

37. As a direct and proximate cause of the acts and omissions by Defendant March, Plaintiff was deprived of physical liberty, was forced to suffer pain and mental cruelty, quit his job as a repossession truck drive, and to incur legal expenses.

38. At all times pertinent to these allegations, Plaintiff was unarmed and did not pose a threat of death or serious bodily injury to Defendant.

39. At no time pertinent hereto did Defendant have probable cause to believe Plaintiff had committed or was committing a crime.

40. Defendant March acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff. Defendant March's action and the actions constitute unreasonable and excessive use of force and deprivation of liberty without due process of the law.

41. Upon information and belief, at all times pertinent hereto, the Association permitted and tolerated a pattern and practice of unreasonable use of force by its agent security officers.

42. Upon information and belief, the Association has maintained a system of review of security officers which is so untimely and cursory as to be ineffective and to permit and tolerate the

unreasonable and excessive use of force by security officers acting in the course and scope of employment for the Association.

43. Upon information and belief, the Association maintains a faulty hiring system which fails to conduct thorough background checks on its applicants.

44. The acts, omissions, systematic flaws, policies, and customs of the Association caused security officers employed by them to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against Plaintiff and others in the future.

**COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS**

45. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 44.

46. The intentional infliction of physical injury to Plaintiff by Defendant **March** violated the rights of Plaintiff as guaranteed by the Fourth, Fifth, and Eight Amendments to the United States Constitution, for which Defendant **March** is individually liable.

**COUNT II: VIOLATION OF CONSTITUIONAL RIGHTS**

47. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 46.

48. The intentional infliction of physical injury to Plaintiff by Defendant when Plaintiff was unarmed and did not pose a threat of death or serious bodily injury to Defendant or others, when Defendant had no lawful authority to arrest Plaintiff or to use deadly or non-deadly force against him, was done with actual malice toward Plaintiff and with willful and wanton indifference to

and deliberate disregard for the constitutional rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

**COUNT III: VIOLATION OF STATUTORY CIVIL RIGHTS**

49. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 48.

50. The intentional infliction of mental anguish when Plaintiff was unarmed and did not pose a threat of death or serious bodily injury to Defendant or others, when Defendant had no lawful authority to arrest Plaintiff or to use deadly or non-deadly force against him, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff, namely 42 USC §§ 1983, 1985, 1986, and 1988.

**COUNT IV: VIOLATION OF CONSTITUTIONAL RIGHTS**
**DEFENDANT ASSOCIATION AND DEFENDANT MARCH**

51. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-50.

52. It was the policy and practice of the Association to employ certain police officers, including Defendant March, as agents described in the foregoing paragraphs.

53. At all times pertinent hereto, Defendant Association neglected to train, direct, supervise, or control Defendant March so as to prevent the violations of Plaintiff's Constitutional rights.

54. At all times pertinent hereto, Defendant March was acting within the course and scope of his employment and pursuant to the aforementioned policies and practices of the Association. These policies and practices were enforced by Defendant Association and were the moving force, proximate cause, or affirmative link behind the conduct causing the Plaintiff's injury. The Association is therefore liable for the violation of Plaintiff's Constitutional rights by Defendant March.

**COUNT V: CONSPIRACY TO VIOLATE CIVIL RIGHTS**

55. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-54.

56. Defendants Association and March conspired to violate Plaintiff's statutory civil rights as more fully described in the foregoing paragraphs in violation of 42 U.S.C. § 1989, for which Defendant March is individually liable.

**COUNT VI: ASSAULT AND BATTERY**

57. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 56.

58. The infliction of physical injury, verbal abuse, mental cruelty, and use of non-deadly force by Defendant March, when Defendant March had no lawful authority to arrest Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or serious bodily injury to Defendant or others, was without justification or provocation, was excessive and constitutes assault and battery for which Defendant is individually liable.

59. As a proximate result of the assault and battery committed by Defendant, Plaintiff has sustained permanent mental injuries and has incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiffs great pain and suffering, both mental and physical.

**COUNT VII: ASSAULT AND BATTERY**

60. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-59.

61. The intentional infliction of physical injury and verbal abuse of Plaintiff by Defendant March when Plaintiff was unarmed and did not pose a threat of death or serious bodily injury to Defendant or others, when Defendant did not have lawful authority to arrest Plaintiff or to use deadly or non-deadly force against him, was done with actual malice toward Plaintiff and with

willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

**COUNT VIII: INENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

62. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 61.

63. Defendant committed intentional acts when he followed Plaintiff, parked his car in front of Plaintiff's vehicle, preventing Plaintiff from driving away, and arrested Plaintiff without legal authority to do so.

64. Plaintiff suffered and continues to suffer from severe emotional distress, which is frequently evidenced by emotional outbursts, headaches, stress, anxiety, and depression.

65. Defendant's act of arresting Plaintiff when he had no legal authority to do so constituted extreme and outrageous conduct. "Conduct is considered extreme and outrageous when the recitation of the facts to an average member of the community would lead that person to exclaim, 'Outrageous!'" *See* Foye v. Montes, 9 S.W.3d 436, 440 (Tex.App.—Houston [14th Dist.] 1999, pet. denied).

66. Defendant's conduct proximately caused Plaintiff's emotional distress.

67. The intentional infliction of emotional distress and verbal abuse of Plaintiff by Defendant were unjustified and done with actual malice and wanton indifference and deliberate disregard for the rights of the Plaintiff. Plaintiff is thus entitled to exemplary damages.

**COUNT IX: RESPONDENT SUPERIOR LIABILITY**

68. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 67.

69. At all times pertinent hereto, Defendant March was acting within the scope of his employment as a security guard for Defendant Association.

70. Defendant Association is liable for compensatory damages under the doctrine of respondent superior for the torts of Defendant March committed within the scope of their employment.

**COUNT X: RESPONDENT SUPERIOR LIABILITY**

71. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 70.

72. The Association, through its agent, expressly authorized Defendant March to use excessive force; knew, through its agent, that Defendant March had a propensity for committing intentional torts, using excessive force in the line of duty; and acquiesced in Defendant March's wrongful conduct. Plaintiff is thus entitled to exemplary damages against the Association for the malicious conduct of Defendant March.

**COUNT XI: NEGLIGENT HIRING**

73. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 72.

74. The Association owed the Plaintiff a legal duty to hire and/or retain competent employees, which is a duty imposed on all employers. *See* Castillo v. Gared, Inc. 1 S.W.3d 781, 786 (Tex.App—Houston [1st Dist.] 1999, pet. denied).

75. Defendant Association breached that duty by hiring Defendant March in spite of his record with the Houston Police Department.

76. Defendant Association's breach of its duty owed to Plaintiff caused Plaintiff's injury, making Defendant Association liable for injuries caused by Defendant March's actions.

77. The negligent hiring of Defendant March when Plaintiff by Defendant Association was done willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

**COUNT XII: NEGLIGENCE**

78. Plaintiff incorporates herein by reference the allegations contained in paragraphs through 77.

79. Defendant March, while acting as agent and employee of The Association, owed a duty to plaintiff to perform his police duties without the use of excessive force. Defendants' use of force upon plaintiff, when plaintiff was unarmed and did not pose a threat of death or serious bodily injury to defendants or others constitutes negligence for which Defendant March is individually liable.

80. Defendant March's Association's use of force upon plaintiff when Defendant had no lawful authority to arrest Plaintiff or to use force against him constitutes negligence for which Defendants are individually liable.

81. As a proximate result of Defendant's negligent use of excessive force, Plaintiff has sustained permanent injuries and has incurred expenses. These injuries have caused and will continue to cause Plaintiff pain and suffering, both mental and physical.

**COUNT XIII: NEGLIGENCE**

82. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 81.

83. The negligent infliction of physical injury to Plaintiff by Defendant March when Plaintiff was unarmed and did not pose a threat of death or serious bodily injury to Defendant or others, and when Defendant had no lawful authority to arrest Plaintiff or use deadly force against him,

was done with willful and wanton indifference to and deliberate disregard for human life and the rights of the plaintiff. Plaintiff is thus entitled to exemplary damages.

**COUNT XIV: NEGLIGENCE**

84. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 83.

85. At all times of the alleged incident Defendants March and Association were acting within the course and scope of their employment.

86. Defendant Association is liable for compensatory damages under the doctrine of respondent superior for the negligence of the defendant committed within the course and scope of his employment.

**COUNT XV: NEGLIGENCE**

87. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 86.

88. Defendant Association owed a duty to Plaintiff to train and supervise and otherwise control police officers it hires as agents in the use of deadly force and other matters incidental to the exercise of police functions. The Association failed to provide adequate training, supervision, and control of Defendant March, which failure constitutes negligence.

89. As a proximate result of The Association's negligent failure to provide adequate training, supervision, and control of Defendant March, Plaintiff has sustained permanent injuries and has incurred and will continue to incur expenses. These injuries have caused and will continue to cause Plaintiff pain and suffering, both mental and physical.

**COUNT XVI: NEGLIGENCE**

90. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 89.

91. The Association's failure to provide adequate training and supervision to its police officer agents constitutes willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiff. Plaintiff is thus entitled to exemplary damages.

**COUNT XVII: MALICIOUS PROSECUTION,**
**FALSE ARREST, AND FALSE IMPRISONMENT**

92. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 91.

93. Defendants March and Association used criminal prosecution against Plaintiff in order to intimidate him and to dissuade Plaintiff from asserting his rights against Defendants and in order to cover up their own wrongdoing and to avoid civil liability for their own acts.

94. Defendants March and Association falsely arrested and falsely imprisoned Plaintiff.

95. As a proximate result of this malicious prosecution, false arrest, and false imprisonment, plaintiff suffered the damages as aforesaid.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Cresencio Molina respectfully requests this Court enter judgment against the Defendants and award the following amounts:

a. $3,000,000.00 for compensatory damages;

b. $100,000.00 for loss of earnings;

c. $5,000,000.00 for exemplary damages;

d. Attorney's fees and costs; and

e. All other appropriate relief as may be just and proper.

Respectfully Submitted,

The Craig Washington Law Firm
1000 The Houston Building
2323 Caroline Street
Houston, Texas 77004
Tel: 713-659-9090
Fax: 713-659-2812

/S/ *Craig A. Washington*
CRAIG A. WASHINGTON
ATTORNEY IN CHARGE
Texas Bar No. 20901000
Attorney for the Plaintiff

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

/S/ *Craig A. Washington*
Craig A. Washington
Attorney for the Plaintiff